UNITED STATES BANKRUPTCY COURT

DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE:<br><br>James Edwin Ollis,<br><br>      **DEBTOR(S)**<br><br><br>Address: 2450 Graden Road<br><br>   Ware Shoals, SC  29692<br><br><br>Last four digits of Social-Security or Individual Tax-Payer-Identification (ITIN) No(s)., (if any): 8449 |  CASE NO: 20-02775/hb<br><br>CHAPTER: 12<br><br>NOTICE, CHAPTER 12 PLAN, MOTIONS TO VALUE SECURITY, AVOID JUDICIAL LIEN, AVOID A NONPURCHASE-MONEY, NONPOSSESSORY SECURITY INTEREST AND LIEN, AND/OR TO ASSUME OR REJECT AN EXECUTORY CONTRACT/UNEXPIRED LEASE |

**I.**   **NOTICE TO CREDITORS AND PARTIES IN INTEREST:** The debtor[1] has filed a chapter 12 bankruptcy case and listed you as a creditor or interested party. The debtor has filed the following chapter 12 plan and motions which may affect your rights. **Failure to object may constitute an implied acceptance of and consent to the relief requested in this document.**

**II.**   **MOTIONS TO VALUE SECURITY, AVOID JUDICIAL LIEN, AVOID A NONPURCHASEMONEY, NONPOSSESSORY SECURITY INTEREST AND LIEN, AND/OR TO ASSUME OR REJECT AN EXECUTORY CONTRACT/UNEXPIRED LEASE.** The debtor requests that confirmation of this plan alter the rights of the following creditors named below.

**DEADLINE FOR FILING OBJECTIONS, NOTICE OF HEARING ON MOTIONS:** Objections to the motions and any provision of the plan must be made in accordance with SC LBR 9014-1, properly served, and filed with the United States Bankruptcy Court, 1100 Laurel Street, Columbia, SC 29201. Creditors and Parties in Interest will receive a separate notice setting a date and time for a pre-confirmation conference and a date and time for a hearing on confirmation of the Plan. Objections must be filed no later than the date and time set for the pre-confirmation conference. Timely objections will be heard at the confirmation hearing.

**a)**   **Lien avoidance.** The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor(s) would have been entitled under 11 U.S.C. § 522(b). Unless otherwise ordered by the court, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part III(b)(4) to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan. See 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d). If more than one lien is to be avoided, provide the information separately for each lien.

1. <u>Nonpossessory, Nonpurchase-Money Lien</u>: The debtor moves, pursuant to 11 U.S.C. § 522(f), to avoid the following nonpossessory, nonpurchase-money security interest and lien in household goods:

---

[1]  When used herein, the term "debtor" shall apply as applicable either in the singular or in the plural, if there are joint debtors in the case.

| Name of Creditor and description of property securing lien | Value of debtor's interest in property | Total of all other liens | Exemption | Estimated security interest/debt | Security interest not avoided (see III(b)(2)(ii) below) | Security interest to be avoided (see III(4) below) |
|---|---|---|---|---|---|---|
| _____ | $_____ | $_____ | $_____ | $_____ | $_____ | $_____ |

2. <u>Judicial Lien</u>: The debtor moves, pursuant to 11 U.S.C. § 522(f), to avoid the following judicial lien:

| Name of Creditor and description of property securing lien | Estimated amount of lien | Total amount of all senior/unavoidable liens | Applicable exemption and Code section | Value of debtor's interest in property | Amount of lien not avoided | Amount of lien avoided |
|---|---|---|---|---|---|---|
| **Anthony B. Thompson – Claim #16** Real property in Laurens County | $1,384,431.06 | $507,262.21 | N/A | $501,775.00 | $0.00 | $1,384,431.06 |
| **Jeff Verkon – Claim #17** Real property in Laurens County | $484,000.00 | $507,262.21 | N/A | $501,775.00 | $0.00 | $484,000.00 |
| **William Lee Thompson – Claim #18** Real property in Laurens County | $362,700.00 | $507,262.21 | N/A | $501,775.00 | $0.00 | $326,700.00 |
| **Pedro Arguedas – Claim #19** Real property in Laurens County | $242,000.00 | $507,262.21 | N/A | $501,775.00 | $0.00 | $242,000.00 |
| **Daniel Chapman – Claim #20** Real property in Laurens County | $133,100.00 | $507,262.21 | N/A | $501,775.00 | $0.00 | $133,100.00 |
| **RaboAgriFinance – Claim #21** Real property in Laurens County | $2,162,304.85 | $507,262.21 | N/A | $501,775.00 | $0.00 | $2,162,304.85 |
| **Solvi Loining West – no claim filed** Real property in Laurens County | $200,000.00 | $507,262.21 | N/A | $501,775.00 | $0.00 | $200,000.00 |

*Use this form for avoidance of liens on co-owned property only.*

| Name of the creditor and description of the property securing liens) the lien | Total equity (value of debtor's property less senior/unavoidable liens) | Debtor's equity (Total equity multiplied by debtor's proportional interest in property) | Applicable exemption and Code section | Non-exempt equity (debtor's equity less exemption) | Estimated judicial lien | Amount of lien not avoided | Amount of lien avoided |
|---|---|---|---|---|---|---|---|
| _____ _____ _____ | $_____ | $_____ | _____ _____ | $_____ | $_____ | $_____ | $_____ |

**b)** **Request for valuation of security, payment of fully secured claims, and modification of unsecured claims.** The debtor request that the court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the debtor state that the value of the secured claim should be as set out in the column headed Amount of secured claim. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below. The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 4 below. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 4 below.

The holder of any claim listed below as having value in the column headed Amount of secured claim will retain the lien on the property interest of the debtor or the estate until the earlier of:

(1) payment of the underlying debt determined under nonbankruptcy law, or

(2) discharge of the underlying debt under 11 U.S.C. § 1228, at which time the lien will terminate and be released by the creditor.

| Name of creditor and description of property securing lien | Value of debtor's interest in property | Holder and amount of superior liens | Estimate of creditor's claim | Amount of secured claim | Unsecured claim after valuation |
|---|---|---|---|---|---|
| **Claim 14 – John Deere Financial** 2016 John Deere 630 Mower Conditioner S/N 420578 | $6,000.00 | None | $7,845.55 | $6,000.00 | $1,845.55 |

**c)** **Assumption or Rejection of Executory Contract/Unexpired Lease:** The following leases or executory contracts will be treated as follows:

| Name of Creditor | Description of leased | Treatment | Current installment | Amount of | Treatment of | Estimated total |
|---|---|---|---|---|---|---|

| property or executory contract | | | payments | arrearage to be paid | arrearage (describe the method and time period of cure) | payments by trustee |
|---|---|---|---|---|---|---|
| _____ | _____ | ☐ Assume ☐ Reject | $_____ | $_____ | _____ _____ _____ | $_____ |

**III. THE CHAPTER 12 PLAN**

**a) FUNDING OF PLAN (INSTRUCTION: INCLUDE THE APPLICABLE FUNDING LANGUAGE)**

The debtor certifies that all fees, charges and amounts required to be paid before confirmation pursuant to chapter 123 of Title 28 of the United States Code have been paid.

Debtor hereby submits future income in the amount of:
**$440.00** per month for a period of **60 months** beginning **November 25, 2020 and continuing until the final payment on October 25, 2025**;
AND
Quarterly payments of **$2,725.00 on December 25, 2020, March 25, 2020, June 25, 2020, September 25, 2021, December 25, 2021, March 25, 2022, June 25, 2022, September 25, 2022, December 25, 2022, March 25, 2023, June 25, 2023, September 25, 2023, December 25, 2023, March 25, 2024, June 25, 2024, September 25, 2024, December 25, 2024, March 25, 2025, June 25, 2025 and September 25, 2025.**

In the event of default by the Debtor in making the payments required by the Plan, the Chapter 12 Trustee may, in his discretion, and after further notice and approval by the court, sell real property and farm equipment under § 1206 in order to pay the claims of this estate in full.

**b) PLAN DISBURSEMENTS (INSTRUCTION: INCLUDE THE APPLICABLE DISBURSEMENT LANGUAGE)**

After deduction of ten percent (10%) from the above amount, to be applied towards administrative expenses, the trustee shall make disbursements as follows:

1. <u>Treatment of Attorney's Fees</u>: To the attorney's fees of the debtor in an amount not to exceed $15,000, at the rate of $250.00 per month beginning November 25, 2020 and continuing through October 25, 2025 until paid in full. This amount may be reduced or increased by the trustee as necessary.

2. <u>Treatment of Secured Claims</u>: [INSTRUCTION: THE APPLICABLE LANGUAGE SET FORTH BELOW IS TO BE REPEATED FOR EACH SECURED CREDITOR AND FOR EACH CLASS OF COLLATERAL HELD BY A SECURED CREDITOR.]

If relief from the automatic stay is ordered as to any item of collateral listed in Part III(b)(2), then, unless otherwise ordered by the court, all payments as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.

    **(i) <u>Maintenance of payments and cure of default</u>**. The debtor will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be paid by the debtor. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated.

Name of Creditor: <u>Lakeview Loan Servicing, LLC</u>

Claim No:<u>**23**</u> Claim Amount: $<u>175,799.35</u>

Collateral: <u>1st Mortgage on 2450 Graden Road, Ware Shoals, SC TMS No. 041-00-00-036</u>

Amount of Arrearage (if any): <u>1,724.87</u>

Arrearage payments: This creditor is to be paid $<u>28.75</u> per <u>month</u> for a period of <u>60 Months</u> which includes interest at <u>0</u>% per annum.

**(ii)** <u>**Secured portion of claims altered by valuation and lien avoidance:**</u> (The remaining portion of the allowed claim will be treated as a general unsecured claim.)

Name of Creditor: <u>John Deere Financial (**Claim #14**)</u>

Collateral: <u>2016 John Deere 630 Mower Conditioner S/N 420578</u>

This creditor is wholly secured in the amount of <u>$6,000.00</u> as of the effective date of Confirmation.

The unsecured portion of this creditor's claim is $<u>1,845.55</u>.

This creditor is to be paid $<u>115.30</u> per <u>month</u> for a period of <u>60 months</u> which includes interest at <u>5.75</u>% per annum.

Other provisions for this creditor: <u>Creditor file duplicate claim #3 in Case No. 20-02776/hb, J. Ollis Farms, LLC.  Creditor's claim #14 will be treated in this case.</u>

**(iii)** <u>**Other secured debts (allowed claim to be paid in full without valuation or avoidance of lien):**</u>

Name of Creditor: <u>LOL Finance Co.</u>

Claim No: **24** Claim Amount: $<u>364,670.15</u>

Collateral: <u>1st Mortgage on TMS Nos. 018-00-00-020, 384-00-00-005, 041-00-00-045, 906-10-04-010, 041-00-00-015 & 043-00-00-016</u>

This creditor is wholly secured in the amount of $<u>234,069.06</u> as of the effective date of confirmation.

This creditor is to be paid $<u>0 per month</u> for a period of <u>0 months</u> which includes interest at <u>0</u>% per annum.

Other provisions for this creditor: <u>Creditor filed duplicate claim #6 in Case No. 20-02776/hb, J. Ollis Farms, LLC.  Creditor's claim #24 will be treated in that case.</u>

Name of Creditor: <u>United Community Bank</u>

Claim No: **22** Claim Amount: $<u>86,943.51</u>

Collateral: <u>2nd Mortgage on 2450 Garden Road, Ware Shoals, SC TMS No. 041-00-00-036</u>

This creditor is wholly secured in the amount of $<u>86,943.51</u> as of the effective date of confirmation.

This creditor is to be paid $<u>0.00</u> per month for a period of ____ months which includes interest at _____% per annum, until paid in full.

Other provisions for this creditor: <u>This creditor will be paid the contractual variable interest monthly payment outside the plan directly by the co-debtor, Nancy P. Ollis.  The lien of this creditor will survive confirmation.</u>

Name of Creditor: The Commercial Bank

Claim No: **8** Claim Amount: $18,809.06

Collateral: 2016 Chevrolet Tahoe VIN# 1GNSCBKC0GR137598

This creditor is wholly secured in the amount of $18,809.06 as of the effective date of confirmation.

This creditor is to be paid $0.00 per month for a period of ____ months which includes interest at _____% per annum, until paid in full.

Other provisions for this creditor: This creditor will be paid the contractual monthly payment of $748.38 outside the plan directly by the co-debtor, Nancy P. Ollis.  The lien of this creditor will survive confirmation.

Name of Creditor: The Commercial Bank

Claim No: **11** Claim Amount: $1,629.08

Collateral: 2014 Chevrolet Silverado VIN# 1GC0KVCG4EF164355

This creditor is wholly secured in the amount of $1,629.08 as of the effective date of confirmation.

This creditor is to be paid $0.00 per month for a period of ____ months which includes interest at _____% per annum, until paid in full.

Other provisions for this creditor: This creditor will be paid the contractual monthly payment of $414.74 outside the plan directly by the co-debtor, Nancy P. Ollis.  The lien of this creditor will survive confirmation.

Name of Creditor: The Commercial Bank

Claim No: **10** Claim Amount: $34,633.72

Collateral:  1st Mortgage on 2133 Mt. Bethel Rd & 93 Maddox Bridge Rd, Ware Shoals, SC  TMS Nos. 041-00-00-010 & 027-00-00-003

This creditor is wholly secured in the amount of $34,633.72 as of the effective date of confirmation.

This creditor is to be paid $0.00 per month for a period of ____ months which includes interest at _____% per annum, until paid in full.

Other provisions for this creditor: This creditor will be paid the contractual monthly payment of $469.12 outside the plan directly by the co-debtor, Nancy P. Ollis.  The lien of this creditor will survive confirmation.

Name of Creditor: The Commercial Bank

Claim No: **9** Claim Amount: $134,113.73

Collateral: 1st Mortgage on 129 Ivy Trellis Court, Simpsonville SC TMS No. 0548480102400

This creditor is wholly secured in the amount of $134,113.73 as of the effective date of confirmation.

This creditor is to be paid $0.00 per month for a period of _____ months which includes interest at _____% per annum, until paid in full.

Other provisions for this creditor: This creditor will be paid the contractual monthly payment of $718.08 outside the plan directly by the co-debtor, Nancy P. Ollis. The lien of this creditor will survive confirmation.

Name of Creditor: Lakeview Loan Servicing, LLC.

Claim No: **23** Claim Amount: $175,799.35

Collateral: 1st Mortgage on 2450 Garden Road, Ware Shoals, SC TMS No. 041-00-00-036

This creditor is wholly secured in the amount of $175,799.35 as of the effective date of confirmation.

This creditor is to be paid $0.00 per month for a period of _____ months which includes interest at _____% per annum, until paid in full.

Other provisions for this creditor: This creditor will be paid the contractual monthly payment of $956.92 outside the plan directly by the co-debtor, Nancy P. Ollis. The lien of this creditor will survive confirmation.

Name of Creditor: John Deere Financial

Claim No: **15** Claim Amount: $12,771.15

Collateral: 2003 John Deere 6320 Utility Tractor S/N 374776

This creditor is wholly secured in the amount of $12,771.15 as of the effective date of confirmation.

This creditor is to be paid $0 per month for a period of 0 months which includes interest at 0% per annum.

Other provisions for this creditor: Creditor filed duplicate claim #4 in Case No. 20-02776/hb, J. Ollis Farms, LLC. Creditor's claim #15 will be treated in that case.

(i) Surrender of collateral. The collateral held by each creditor listed below is hereby surrendered. No payment will be made to this creditor. The debtor requests that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and the stay under § 1201 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in section 4 below.

| Name of Creditor | Collateral |
|---|---|
| Farm Bureau Bank (Claim 5) | 2011 John Deere 6430, 1L06430XTBH687980 (property was repossessed by Commerical Bank in March of 2019) |

3. Treatment of Priority Claims.

(i) Domestic Support Claims. 11 U.S.C. § 507(a)(1):

a. Pre-petition arrearages. The trustee shall pay the pre-petition domestic support obligation arrearage to (name of DSO creditor), at the rate of $ or more per until the balance, without interest, is paid in full.

b. The debtor shall pay all post-petition domestic support obligations as defined in 11 U.S.C. § 101(14A) on a timely basis directly to the creditor.

c. Any party entitled to collect child support or alimony under applicable non-bankruptcy law may collect those obligations coming due after this case was filed from the income or assets of the debtor-parent/spouse without further order or relief from the automatic stay. (Any claim for child support or alimony due before this case was filed must be collected in accordance with 11 U.S.C. § 507(a)(1) and 11 U.S.C. § 1222(a)(2).)

(ii) Other Priority debt.

Subsequent to the above, payments to priority creditors, including tax claims, will be paid on a pro-rata basis until paid in full. These are as follows: [INSTRUCTION: THE FOLLOWING SHOULD BE COMPLETED FOR EACH PRIORITY CREDITOR.]

Name of Creditor: _____

Claim No: _____ Claim Amount: _____

Payment Amount: _____(monthly, quarterly, or annually)

This creditor shall be paid no interest on its claim.

or

This creditor shall be paid interest at _____ % per annum on its claim.

4. Treatment of Unsecured Claims.

Subsequent to the above, unsecured creditors will be paid on a pro rata basis. Unsecured creditors will be paid not less than 1% of the total allowed unsecured, non-priority claim, **quarterly as follows**: **$2,452.50 on December 25, 2020, March 25, 2020, June 25, 2020, September 25, 2021, December 25, 2021, March 25, 2022, June 25, 2022, September 25, 2022, December 25, 2022, March 25, 2023, June 25, 2023, September 25, 2023, December 25, 2023, March 25, 2024, June 25, 2024, September 25, 2024, December 25, 2024, March 25, 2025, June 25, 2025 and September 25, 2025.**

## IV. ADDITIONAL PLAN PROVISIONS

Upon confirmation of the plan, the debtor shall tender to the Chapter 12 Trustee, at the time the debtor's first payment under the Plan is due, $200.00 to pay the bank fees associated with the bank account to be opened by the trustee for the debtor's plan payments. On the 12th month thereafter, the debtor shall pay to the trustee $200.00 to pay the bank fees, or an amount agreed to by the debtor and the trustee. Should the bank fees exceed the annual $200.00 payment, the trustee reserves the right to apply for reimbursement for the excess as an administrative expense. Upon completion of the Plan, or dismissal of the debtor's bankruptcy case, the trustee shall return to the debtor any funds not needed to pay the bank fees.

Moreover, in the event of any future default in payments due under the plan, which is not cured within 60 days, the

Trustee is authorized to liquidate additional property pursuant to 11 USC 1222(b)(8), subject to further notice and approval by the Court.

Upon confirmation of the plan, property of the estate will remain property of the estate, but title to the property shall revest in the debtor. Unless the plan otherwise provides, secured creditors shall retain their liens upon their collateral until the allowed amounts of their claims are paid in full.

Except as provided herein, the automatic stay provisions of 11 U.S.C. § 362(a) shall remain in effect until the case is closed, but may be modified pursuant 11 U.S.C. § 362(d) on motion of a party in interest.

The effective date of confirmation is the date upon which the order of confirmation becomes final.

Dated: September 30, 2020

/s/ Alecia T. Compton
Alecia T. Compton, Esq.
Attorney for Debtor(s)
109 Oak Avenue, Suite A
Greenwood, SC  29646
(864) 450-9042
District Court I.D. No. 5847

**Exhibit 1**

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| **IN RE:** | ) | **CASE NO: 20-02775/hb** |
| **James Edwin Ollis,** | ) | **CHAPTER 12** |
| | ) | |
| **Debtor.** | ) | **FEASIBILITY ANALYSIS** |
| | ) | |
| | ) | |

Attached hereto is a series of spreadsheets setting out the Debtor's farm income and expenses. The Debtor projects net farm income from the sale of quail, cattle, and hay of approximately $40,000.00 for each year that he is in a Chapter 12 proceeding.  Debtor also projects income from the sale of farm property of $194,000.00 the first year of the case.  Debtor receives $6,000.00 per year from rental of farm property income. The Debtor also receives $3,972.00 per month from Social Security Disability.

The Debtor's monthly living and farm expenses are projected to be $127,364.00 annually. After subtracting the living and farm expenses from his income, there is $198,700.00 per year available to fund the Chapter 12 Plan.

James Edwin Ollis' Plan will require total payments of $440.00 per month and $2,725.00 per quarter for five years.  The Plan is feasible.

/s/ Alecia T. Compton

Dated: September 30, 2020

Alecia T. Compton, Esq.
Attorney for Debtor(s)
109 Oak Avenue, Suite A
Greenwood, SC  29646
(864) 450-9042
District Court I.D. No. 5847

**Exhibit 1**

### PROJECTED SUMMARY OF FARM INCOME

**Farm Income:**

| | |
|---|---|
| **Rental Property** | **$   6,000.00** |
| **Livestock/Crops** | **$ 39,600.00** |
| **Farmland Sale** | **$ 38,800.00** |
| **TOTAL:** | **$ 84,400.00** |

| | |
|---|---|
| **Wife's Income:** | **$194,000.00** |
| **Social Security Disability:** | **$ 47,664.00** |
| **TOTAL:** | **$241,664.00** |

| | |
|---|---|
| **LIVING EXPENSES:** | **$107,904.00** |
| **FARM EXPENSES (SEE ATTACHED):** | **$ 19,460.00** |
| **NET INCOME:** | **$198,700.00** |

**Exhibit 1**

## PROJECTED SUMMARY OF FARM EXPENSES

| | |
|---|---|
| **Fuel** | $ 2,400.00 |
| **Inventory** | $ 4,800.00 |
| **Fertilizer/Feed/Seed** | $ 3,840.00 |
| **Herbicides, Pesticides or other chemicals** | $ 180.00 |
| **Electric & Phone Bills** | $ 2,400.00 |
| **Repairs/Maintenance** | $ 2,040.00 |
| **Insurance** | $ 2,000.00 |
| **Property Taxes** | $ 1,800.00 |
| **TOTAL FOR YEAR:** | $19,460.00 |

**Exhibit 2**

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF SOUTH CAROLINA

IN RE:

James Edwin Ollis,

DEBTOR(S)

CASE NO:  20-02775/hb
CHAPTER: 12

LIQUIDATION ANALYSIS

| ASSET | MARKET VALUE | AMOUNT LIEN(S) | AMOUNT EXEMPT | NON-EXEMPT EQUITY |
|---|---|---|---|---|
| **REAL ESTATE** | | | | |
| TR1 | $245,950.00 | $175,799.35 1st<br>$ 86,943.51 2nd | $ 0.00 | $ 0.00 |

Secured Party(ies):  Flagstar, UCBI
Description:    2450 Garden Road – farm house and 3 acres – ½ interest
Ware shoals, SC  Laurens County
TMS# 041-00-00-036

| | | | | |
|---|---|---|---|---|
| TR2 | $160,000.00 | $134,113.73 1st<br>$            2nd | $12,726.00 | $ 0.00 |

Secured Party(ies):  Commercial Bank
Description:    129 Ivy Trellis Court – residence – ½ interest
Simpsonville, SC  Greenville County
TMS# 0548480102400

| | | | | |
|---|---|---|---|---|
| TR3 | $106,100.00 | $364,670.15 1st<br>$            2nd | $ 0.00 | $ 0.00 |

Secured Party(ies):  LOL Finance Co.
Description:    Mt. Bethel Road – 35.37 acres used for growing hay
Ware shoals, SC  Laurens County
TMS# 041-00-00-015

**Exhibit 2**

TR4          $36,500.00        $34,633.72 1st      $_0.00_          $ 1,866.28
                               $_____ 2nd

Secured Party(ies): Commercial Bank
Description:         93 Mattox Bridge Road – rental property
                    Ware shoals, SC  Laurens County
                    TMS# 027-00-00-003


TR5          $120,150.00       $364,670.15 1st     $_0.00_          $_0.00_
                               $_____ 2nd

Secured Party(ies): LOL Finance Co.
Description:         Davis Place – 89 acres   (will sale)
                    Ware shoals, SC  Laurens County
                    TMS# 018-00-00-020


TR6          $136,900.00       $364,670.15 1st     $_0.00_          $_0.00_
                               $_____ 2nd

Secured Party(ies): LOL Finance Co.
Description:         Ranch Road – 50.7 acres   (will sale)
                    Ware shoals, SC  Laurens County
                    TMS# 384-00-00-005


TR7          $ 29,550.00       $364,670.15 1st     $_0.00_          $_0.00_
                               $_____ 2nd

Secured Party(ies): LOL Finance Co.
Description:         Tract 9 Graden Road – 15.16 acres
                    Ware shoals, SC  Laurens County
                    TMS# 041-00-00-045


TR8          $29,600.00        $364,670.45 1st     $_0.00_          $_0.00_
                               $_____ 2nd

Secured Party(ies): LOL Finance Co.
Description:         Ranch Road – 8 acres
                    Ware shoals, SC  Laurens County
                    TMS# 906-10-04-010

**Exhibit 2**

TR9      $70,000.00      $364,670.45 1st   $ 0.00      $ 0.00
$_____ 2nd

Secured Party(ies): LOL Finance Co.
Description: Buzhardt Road – 23.9 acres – ½ interest (will sale)
Ware shoals, SC  Laurens County
TMS# 043-00-00-016

TR10      $10,000.00      $ 0.00    1st   $ 0.00      $10,000.00
$_____ 2nd

Secured Party(ies): NONE
Description: 108 Cane Court – Owned by J. Ollis Builders, LLC
Ware Shoals, SC  Greenwood County
TMS# 6878-471-715

| ASSET | MARKET VALUE | AMOUNT LIEN(S) | AMOUNT EXEMPT | NON-EXEMPT EQUITY |
|---|---|---|---|---|

**EQUIPMENT**

| Group 1 | $6,000.00 | $8,932.00 1st $_____ 2nd | $ 0.00 | $ 0.00 |
|---|---|---|---|---|

Secured Party(ies): John Deere Financial
Description: 2016 John Deere 630 Side-Pull Rotary mower conditioner S/N 420578

| Group 2 | $22,000.00 | $28,558.00 1st $_____ 2nd | $ 0.00 | $ 0.00 |
|---|---|---|---|---|

Secured Party(ies): John Deere Financial
Description: 2003 John Deere 6320 Utility Tractor S/N 374776

| Group 3 | $15,000.00 | $_____ 1st $_____ 2nd | $ 0.00 | $ 15,000.00 |
|---|---|---|---|---|

Secured Party(ies): NONE
Description: 2013 John Deere 469 Round Baler PR S/N 1E00469XHDD390634

| Group 4 | $0.00 | $_____ 1st $_____ 2nd | $ 0.00 | $ 0.00 |
|---|---|---|---|---|

Secured Party(ies): NONE
Description: Class Disc Mower – destroyed

**Exhibit 2**

Group 5          $500.00          $_____ 1st     $ 0.00          $ 500.00
                                  $_____ 2nd
Secured Party(ies):  NONE
Description:     1992 NH Haybine


Group 6          $250.00          $_____ 1st     $ 0.00          $ 250.00
                                  $_____ 2nd
Secured Party(ies):  NONE
Description:     1 Hay Rake


Group 7          $2,500.00        $_____ 1st     $1,900.00       $ 600.00
                                  $_____ 2nd
Secured Party(ies):  NONE
Description:      2007 John Deere Square Baler


Group 8          $2,000.00        $_____ 1st     $2,000.00       $ 0.00
                                  $_____ 2nd
Secured Party(ies):  NONE
Description:      1995 Stoll flat 30' hay trailer


Group 9          $2,500.00        $_____ 1st     $1,325.00       $ 1,175.00
                                  $_____ 2nd
Secured Party(ies):  NONE
Description:     1995 Fleetneck 30' 20 ton trailer


Group 10         $3,000.00        $_____ 1st     $3,000.00       $ 0.00
                                  $_____ 2nd
Secured Party(ies):  NONE
Description:     1998 Martin 24'dual tandem


Group 11         $2,000.00        $_____ 1st     $ 0.00          $ 2,000.00
                                  $_____ 2nd
Secured Party(ies):  NONE
Description:     1995 Stoll 28' cattle trailer

**Exhibit 2**

**VEHICLES**

Group 1          $3,000.00          $_____ 1st  $_0.00_          $3,000.00
Secured Party(ies):  NONE
Description:          2014 Chevrolet Silverado VIN# 1GC0KVCGEF164355


Group 2          $21,725.00          $18,809.06 1st  $_0.00_          $ 1,458.47
Secured Party(ies):  Commercial Bank – ½ interest
Description:          2016 Chevrolet Tahoe VIN# 1GNSCBKC0GR137598


Group 3          $3,000.00          $_____ 1st  $_0.00_          $ 3,000.00
Secured Party(ies):  NONE
Description:          2001 Ford F550 Super Duty VIN# 1FDAF56F41EB75671


Group 4          $5,000.00          $_____ 1st  $_0.00_          $ 5,000.00
Secured Party(ies):  NONE
Description:          2000 FLD Freightliner VIN# 1FUYDCYB5YMF45805


Group 5          $500.00          $_____ 1st  $_0.00_          $ 500.00
Secured Party(ies):  NONE
Description:          1994 Toyota feed truck


Group 6          $3,000.00          $_____ 1st  $3,000.00          $ 0.00
Secured Party(ies):  NONE
Description:          2001 Ford F350


Group 7          $500.00          $_____ 1st  $_0 .00_          $ 500.00
Secured Party(ies):  NONE
Description:          2 Sprayers


| ASSET | MARKET VALUE | AMOUNT LIEN(S) | AMOUNT EXEMPT | NON-EXEMPT EQUITY |
|---|---|---|---|---|

**LIVESTOCK**

Group 1          $10,000.00          $2,162,304.85 1st  $_0.00_          $ 0.00
Secured Party(ies):  Rabo Agrifinance LLC
Description:          Quail

**Exhibit 2**

## CASH COLLATERAL

Group 1                     $_____        $_____ 1st    $_____      $_____
Secured Party(ies): _____
Description:              _____

## CROPS

Group 1                     $3,000.00        $2,162,304.85 1st  $ 0.00          $ 0.00
Secured Party(ies): Rabo Agrifinance LLC _____
Description:              Hay _____

| ASSET | MARKET VALUE | AMOUNT LIEN(S) | AMOUNT EXEMPT | NON-EXEMPT EQUITY |
|---|---|---|---|---|

## OTHER

Group 1                     $750.00         $_____ 1st    $750.00         $    0.00
Secured Party(ies): NONE _____
Description:              Furniture, appliances, kitchenware, linens _____

Group 2                     $500.00         $_____ 1st    $500.00         $    0.00
Secured Party(ies): NONE _____
Description:              Electronics _____

Group 3                     $350.00         $_____ 1st    $ 0.00          $ 350.00
Secured Party(ies): NONE _____
Description:              Carpentry Tools & Bicycle _____

Group 4                     $500.00         $_____ 1st    $500.00         $    0.00
Secured Party(ies): NONE _____
Description:              Clothing & Personal Items _____

Group 5                     $20.00          $_____ 1st    $20.00          $    0.00
Secured Party(ies): NONE _____
Description:              Wedding Ring _____

**Exhibit 2**

Group 6 | $20.00 | $_____ | 1st | $ 0.00 | $ 20.00
Secured Party(ies): NONE
Description: Cash

Group 7 | $1,000.00 | $_____ | 1st | $ 0.00 | $1,000.00
Secured Party(ies): NONE
Description: Checking Account Ending 5139 with South State Bank

Group 8 | $0.00 | $_____ | 1st | $ 0.00 | $ 0.00
Secured Party(ies): NONE
Description: 100% Ownership of J. Ollis Farms, LLC

Group 9 | $16,967.00 | $_____ | 1st | $ 0.00 | $16,967.00
Secured Party(ies): NONE
Description: 2019 Expected Federal & State Tax Refunds

Group 10 | $0.00 | $0.00 | 1st | $ 0.00 | $ 0.00
Secured Party(ies): NONE
Description: Term Life Insurance Policy

Group 11 | $500.00 | $_____ | 1st | $ 0.00 | $ 500.00
Secured Party(ies): NONE
Description: Suzuki 4-Wheeler

Group 12 | $1,500.00 | $364,670.15 | 1st | $ 0.00 | $ 0.00
Secured Party(ies): LOL Finance Co.
Description: Barn/Well/Fencing/Guard Rail

TOTAL NON-EXEMPT EQUITY IN PROPERTY | $ 63,686.75

EST. PRIORITY & EXP. OF ADM. | $ (8,090.00)
$ AVAILABLE FOR GENERAL UNSECURED | $ 49,050.00

TOTAL SCHEDULED UNSECURED | $ 4,904,385.77
TOTAL DEFICIENCY CLAIMS | $
TOTAL GENERAL UNSECURED | $ 4,904,385.77

% AVAILABLE FOR GENERAL UNSECURED | 1 %