UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE:<br><br>James Edwin Ollis,<br><br>DEBTOR(S)<br><br>Address: 2450 Graden Road<br><br>Ware Shoals, SC 29692<br><br>Last four digits of Social-Security or Individual Tax-Payer-Identification (ITIN) No(s)., (if any): 8449 | CASE NO: 20-02775/hb<br><br>CHAPTER: 12<br><br>NOTICE, AMENDED CHAPTER 12 PLAN, MOTIONS TO VALUE SECURITY, AVOID JUDICIAL LIEN, AVOID A NONPURCHASE-MONEY, NONPOSSESSORY SECURITY INTEREST AND LIEN, AND/OR TO ASSUME OR REJECT AN EXECUTORY CONTRACT/UNEXPIRED LEASE |

**I.      NOTICE TO CREDITORS AND PARTIES IN INTEREST:** The debtor[1] has filed a chapter 12 bankruptcy case and listed you as a creditor or interested party. The debtor has filed the following chapter 12 plan and motions which may affect your rights. **Failure to object may constitute an implied acceptance of and consent to the relief requested in this document.**

**II.      MOTIONS TO VALUE SECURITY, AVOID JUDICIAL LIEN, AVOID A NONPURCHASEMONEY, NONPOSSESSORY SECURITY INTEREST AND LIEN, AND/OR TO ASSUME OR REJECT AN EXECUTORY CONTRACT/UNEXPIRED LEASE.** The debtor requests that confirmation of this plan alter the rights of the following creditors named below.

**DEADLINE FOR FILING OBJECTIONS, NOTICE OF HEARING ON MOTIONS:** Objections to the motions and any provision of the plan must be made in accordance with SC LBR 9014-1, properly served, and filed with the United States Bankruptcy Court, 1100 Laurel Street, Columbia, SC 29201. Creditors and Parties in Interest will receive a separate notice setting a date and time for a pre-confirmation conference and a date and time for a hearing on confirmation of the Plan. Objections must be filed no later than the date and time set for the pre-confirmation conference. Timely objections will be heard at the confirmation hearing.

**a)      Lien avoidance.** The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor(s) would have been entitled under 11 U.S.C. § 522(b). Unless otherwise ordered by the court, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part III(b)(4) to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan. See 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d). If more than one lien is to be avoided, provide the information separately for each lien.

1. <u>Nonpossessory, Nonpurchase-Money Lien:</u> The debtor moves, pursuant to 11 U.S.C. § 522(f), to avoid the following nonpossessory, nonpurchase-money security interest and lien in household goods:

---

[1] When used herein, the term "debtor" shall apply as applicable either in the singular or in the plural, if there are joint debtors in the case.

| Name of Creditor and description of property securing lien | Value of debtor's interest in property | Total of all other liens | Exemption | Estimated security interest/debt | Security interest not avoided (see III(b)(2)(ii) below) | Security interest to be avoided (see III(4) below) |
|---|---|---|---|---|---|---|
| _____ | $_____ | $_____ | $_____ | $_____ | $_____ | $_____ |

2. <u>Judicial Lien</u>: The debtor moves, pursuant to 11 U.S.C. § 522(f), to avoid the following judicial lien:

| Name of Creditor and description of property securing lien | Estimated amount of lien | Total amount of all senior/unavoidable liens | Applicable exemption and Code section | Value of debtor's interest in property | Amount of lien not avoided | Amount of lien avoided |
|---|---|---|---|---|---|---|
| **Anthony B. Thompson** – **Claim #16** Real property in Laurens County | $1,384,431.06 | $507,262.21 | N/A | $501,775.00 | $0.00 | $1,384,431.06 |
| **Jeff Verkon** – **Claim #17** Real property in Laurens County | $484,000.00 | $507,262.21 | N/A | $501,775.00 | $0.00 | $484,000.00 |
| **William Lee Thompson** – **Claim #18** Real property in Laurens County | $326,700.00 | $507,262.21 | N/A | $501,775.00 | $0.00 | $326,700.00 |
| **Pedro Arguedas** – **Claim #19** Real property in Laurens County | $242,000.00 | $507,262.21 | N/A | $501,775.00 | $0.00 | $242,000.00 |
| **Daniel Chapman** – **Claim #20** Real property in Laurens County | $133,100.00 | $507,262.21 | N/A | $501,775.00 | $0.00 | $133,100.00 |
| **Solvi Loining West – no claim filed** Real property in Laurens County | $200,000.00 | $507,262.21 | N/A | $501,775.00 | $0.00 | $200,000.00 |

*Use this form for avoidance of liens on co-owned property only.*

| Name of the creditor and description of the property securing liens) the lien | Total equity (value of debtor's property less senior/unavoidable liens) | Debtor's equity (Total equity multiplied by debtor's pro-portional interest in property) | Applicable exemption and Code section | Non-exempt equity (debtor's equity less exemption) | Estimated judicial lien | Amount of lien not avoided | Amount of lien avoided |
|---|---|---|---|---|---|---|---|
| _____ _____ _____ | $ _____ | $_____ _____ | _____ | $_____ | $_____ | $_____ | $_____ |

**b)** **Request for valuation of security, payment of fully secured claims, and modification of unsecured claims.** The debtor request that the court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the debtor state that the value of the secured claim should be as set out in the column headed Amount of secured claim. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below. The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 4 below. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 4 below.

The holder of any claim listed below as having value in the column headed Amount of secured claim will retain the lien on the property interest of the debtor or the estate until the earlier of:

(1) payment of the underlying debt determined under nonbankruptcy law, or

(2) discharge of the underlying debt under 11 U.S.C. § 1228, at which time the lien will terminate and be released by the creditor.

| Name of creditor and description of property securing lien | Value of debtor's interest in property | Holder and amount of superior liens | Estimate of creditor's claim | Amount of secured claim | Unsecured claim after valuation |
|---|---|---|---|---|---|
| **Claim 14 – John Deere Financial** 2016 John Deere 630 Mower Conditioner S/N 420578 | $6,000.00 | None | $7,845.55 | $6,000.00 | $1,845.55 |
| **Claim 21 - RaboAgriFinance** Hay & Quail | $13,000.00 | None | $2,162,304.85 | $13,000.00 | $2,149,304.85 |

**c)**     **Assumption or Rejection of Executory Contract/Unexpired Lease:** The following leases or executory contracts will be treated as  follows:

| Name of Creditor | Description of leased property or executory contract | Treatment | Current installment payments | Amount of arrearage to be paid | Treatment of arrearage (describe the method and time period of cure) | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| _____ | _____ | ☐ Assume<br>☐ Reject | $_____ | $_____ | _____ | $_____ |

## III. THE CHAPTER 12  PLAN

### a) FUNDING OF PLAN (INSTRUCTION: INCLUDE THE APPLICABLE FUNDING  LANGUAGE)

The debtor certifies that all fees, charges and amounts required to be paid before confirmation pursuant to chapter 123 of Title 28 of the United States Code have been paid.

Debtor hereby submits future income in the amount of:
$**990.00** per month for a period of **60 months** beginning **November 25, 2020 and continuing until the final payment on October 25, 2025,** provided that in any month in which Debtor is required to make a payment to creditor LOL Finance Co., the monthly payment shall increase by that amount;
AND
Quarterly payments of **$2,720.00 on December 25, 2020, March 25, 2020, June 25, 2020, September 25, 2021 and December 25, 2021, March 25, 2022, June 25, 2022, September 25, 2022, December 25, 2022, March 25, 2023, June 25, 2023, September 25, 2023, December 25, 2023, March 25, 2024, June 25, 2024, September 25, 2024, December 25, 2024, March 25, 2025, June 25, 2025 and September 25, 2025.**

In the event of default by the Debtor in making the payments required by the Plan, the Chapter 12 Trustee may, in his discretion, and after further notice and approval by the court, sell real property and farm equipment under § 1206 in order to pay the claims of this estate in full.

### b) PLAN DISBURSEMENTS (INSTRUCTION: INCLUDE THE APPLICABLE DISBURSEMENT LANGUAGE)

After deduction of ten percent (10%) from the above amount, to be applied towards administrative expenses, the trustee shall make disbursements as follows:

1. Treatment of Attorney's Fees: To the attorney's fees of the debtor in an amount not to exceed $15,000, at the rate of $250.00 per month beginning November 25, 2020 and continuing through October 25, 2025 until paid in full. This amount may be reduced or increased by the trustee as necessary.

2. Treatment of Secured Claims: [INSTRUCTION: THE APPLICABLE LANGUAGE SET FORTH BELOW IS TO BE REPEATED FOR EACH SECURED CREDITOR AND FOR EACH CLASS OF COLLATERAL HELD BY A SECURED CREDITOR.]

If relief from the automatic stay is ordered as to any item of collateral listed in Part III(b)(2), then, unless otherwise ordered by the court, all payments as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.

**(i)** **Maintenance of payments and cure of default**. The debtor will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be paid by the debtor. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated.

Name of Creditor: Lakeview Loan Servicing, LLC

Claim No:**23** Claim Amount: $175,799.35

Collateral: 1st Mortgage on 2450 Graden Road, Ware Shoals, SC TMS No. 041-00-00-036

Amount of Arrearage (if any): $1,724.87

Arrearage payments: This creditor is to be paid $28.75 per month for a period of 60 Months which includes interest at 0% per annum.

Name of Creditor: United Community Bank

Claim No:**22** Claim Amount:  $86,943.51

Collateral: 2nd Mortgage on 2450 Graden Road, Ware Shoals, SC TMS No. 041-00-00-036

Amount of Arrearage (if any):  $14,609.14

Arrearage payments: This creditor is to be paid $243.49 per month for a period of 60 Months which includes interest at 0% per annum.

**(ii)** **Secured portion of claims altered by valuation and lien avoidance:** (The remaining portion of the allowed claim will be treated as a general unsecured claim.)

Name of Creditor: John Deere Financial  (**Claim #14**)

Collateral: 2016 John Deere 630 Mower Conditioner S/N 420578

This creditor is wholly secured in the amount of $6,000.00 as of the effective date of Confirmation.

The unsecured portion of this creditor's claim is $1,845.55.

This creditor is to be paid $115.30 per month for a period of 60 months which includes interest at 5.75% per annum.

Other provisions for this creditor: Creditor file duplicate claim #3 in Case No. 20-02776/hb, J. Ollis Farms, LLC. Creditor's claim #14 will be treated in this case.

Name of Creditor: RaboAgriFinance  (**Claim #21**)

Collateral: Hay & Quail

This creditor is wholly secured in the amount of $13,000.00 as of the effective date of Confirmation.

The unsecured portion of this creditor's claim is $2,149,304.85.

This creditor is to be paid $249.82 per month for a period of 60 months which includes interest at 5.75% per annum.

Other provisions for this creditor: Creditor file duplicate claim #5 in Case No. 20-02776/hb, J. Ollis Farms, LLC. Creditor's claim #21 will be treated in this case.

**(iii)  Other secured debts (allowed claim to be paid in full without valuation or avoidance of lien):**

Name of Creditor: LOL Finance Co.

Claim No: **24** Claim Amount: $364,670.15

Collateral: 1st Mortgage on TMS Nos. 018-00-00-020, 384-00-00-005, 041-00-00-045, 906-10-04-010, 041-00-00-015 & 043-00-00-016

This creditor is wholly secured in the amount of $[amount to be provided] as of the effective date of confirmation.[1]

The unsecured portion of this creditor's claim is $0.00.

**Except as provided below**, this creditor is to be paid $1,500.00 per month in Case No. 20-02776/hb for a period of 179 months, with a balloon payment on month 180, which includes interest at 7.5% per annum.

Other provisions for this creditor: LOL Finance Co. (hereinafter LOLF) has filed claims in bankruptcy case Nos. 20-02775/hb, James Edwin Ollis (Claim 24) and 20-02776/hb, J. Ollis Farms, LLC (Claim 6). LOLF's claim will be allowed in both cases, Debtors intend to pay LOLF primarily through the Plan in Case No. 20-02775 (J. Ollis Farms, LLC). For any month in which income in that case is insufficient to pay LOLF, payment will be made through Case No. 20-02776 (James Edwin Ollis).. Payments will be made through the plan for the first 5 years and directly to the creditor thereafter. The lien of this creditor will survive confirmation. Except as expressly modified herein, all loan documents related to LOLF's claim and the Order for Judgment Including Foreclosure dated March 17, 2020 entered by the Court of Common Pleas of Laurens County, South Carolina in Case Number 19-CP-30-645 will remain in full force and effect (the "LOLF Loan Documents"). Neither Debtor James Edwin Ollis, nor J. Ollis Farms, LLC shall receive a discharge of the debt owed to LOLF pursuant to 11 U.S.C. § 1228, which discharge is hereby waived by each debtor:

James Edwin Ollis: /s/ James Edwin Ollis

J. Ollis Farms, LLC: /s/ James Edwin Ollis            , by James Edwin Ollis, Sole Member

Sales of parcels TMS Nos. 018-00-00-020 and 043-00-00-016 are pending or recently concluded pursuant to motions filed by the Trustee. The monthly plan payment provided herein assumes that such sales will timely close. Upon receipt of the net proceeds of such sales, LOLF shall apply such proceeds as provided in the LOLF Loan Documents and amend its proof of claim to reflect the remaining balance; and promptly file releases of the subject property from the mortgage in the Laurens County ROD office. The plan payment will remain $1,500 per month thereafter. In the event the pending sales are not concluded, the amount of the plan payment will be recalculated to be no less than the monthly debt service on LOLF's claim and such properties will be listed for sale on the same terms provided immediately below.

The real property identified by TMS Nos. 906-10-04-010 and 384-00-00-005 shall be listed for sale within 30 days after the effective date of confirmation at a listing price reasonably acceptable to LOLF. If a real estate agent is engaged to list the property, such agent shall be reasonably acceptable to the Trustee and LOLF. Any sale of such properties will be approved by the Court after notice and hearing. LOLF shall retain all rights to object to any proposed sale and the right to credit bid all or a portion of its claim in connection with such sale. In the event of sale of such properties, LOLF will be paid the net proceeds at closing, after routine and ordinary closing costs subject to such other and further terms and conditions of the Court Order approving the sale. LOLF will apply such proceeds as provided in the LOLF Loan Documents and will further amend its proof of claim to reflect the remaining balance. The monthly payment to LOLF will then be reamoritzed to reflect any reduction in principal

---

[1] LOLF will provide an updated claim amount with interest and fees calculated through the estimated date of confirmation

and shall be paid over the remaining time of the original payment period at the same rate of interest, provided that the monthly payment shall not be less than the monthly debt service on the remaining balance

In the event of a future monetary default in payment to LOLF, before LOLF declares the debt to be in default, LOLF will give both Debtors and any co-obligor written notice, which shall describe the default with reasonable specificity. The Debtors and co-obligors shall have ten (10) days from the receipt of said notice in which to cure the default. In the event the Debtors and the co-obligor fail to cure the default with in the ten (10) day period, LOLF shall be entitled to file an Affidavit of Default and proposed Order Granting Relief from the Automatic Stay in both cases to pursue its state law rights and remedies with regard to the collateral pursuant to the LOLF Loan Documents and South Carolina law, including, but not limited to, foreclosure of the collateral, without further notice or hearing. In the event of any monetary default in payment to LOLF for three consecutive months, LOLF shall be entitled to file an Affidavit of Default and proposed Order Granting Relief from the Automatic Stay without further notice or opportunity to cure by the Debtors or co-obligors.

Name of Creditor: United Community Bank

Claim No: **22** Claim Amount: $86,943.51

Collateral: 2nd Mortgage on 2450 Garden Road, Ware Shoals, SC TMS No. 041-00-00-036

This creditor is wholly secured in the amount of $86,943.51 as of the effective date of confirmation.

This creditor is to be paid $0.00 per month for a period of ____ months which includes interest at _____% per annum, until paid in full.

Other provisions for this creditor: The allowed claim of United Community Bank ("UCB") in the amount of $86,943.51 shall be paid in full at the contractual variable interest rate outside of the Plan directly by the Co-Debtor beginning November 20, 2020. The pre-petition and post-petition arrearage shall be treated as secured and paid through the Plan. The loan payments to UCB shall continue with the regular contractual payments pursuant to this Plan without modification unless agreed to otherwise in writing by both parties. The collateral securing this loan consists of real property located at 2450 Graden Road, Ware Shoals, South Carolina (the "Property") and UCB shall retain its lien on the Property to same extent, validity and priority as such existed on the Petition Date. All underlying terms and provisions of the UCB loan documents, except as modified by this Plan, shall remain in full force and effect until the entire underlying indebtedness is paid in full. The Debtor shall maintain insurance on the Property with UCB shown as a loss payee consistent with the requirements of the existing loan documents. UCB's lien shall remain valid and perfected as to the Property until the entire indebtedness owed to UCB is paid in full pursuant to the terms herein. Nothing contained herein shall relieve the Co-Debtor of her obligations under the loan documents, including, but not limited to, any deficiency that may remain owing upon confirmation and fulfillment of all payments made pursuant to this Plan by the Debtor.

In the event of a monetary default under the terms of the Plan, and before UCB declares the debt to be in default, UCB shall give the Debtor and the Co-Debtor written notice, which shall describe the default with reasonable specificity. The Debtor and the Co-Debtor shall have ten (10) days from receipt of said notice in which to cure the default. In the event the Debtor and the Co-Debtor fail to cure the default with in the ten (10) day period, UCB shall be entitled to file a Motion to lift the Automatic Stay to pursue its state law rights and remedies with regard to the Property pursuant to the underlying loan documents and South Carolina law, including, but not limited to, foreclosure of the Property. Upon default, UCB may seek a deficiency claim after liquidation of the Property pursuant to the underlying loan documents. Any deficiency claim shall be added to Paragraph 4 of the Plan and be entitled to the same aggregate distribution as, and paid pro rata along with, the other general unsecured clams.

Name of Creditor: The Commercial Bank

Claim No: **8** Claim Amount: $18,809.06

Collateral: 2016 Chevrolet Tahoe VIN# 1GNSCBKC0GR137598

This creditor is wholly secured in the amount of $18,809.06 as of the effective date of confirmation.

This creditor is to be paid $0.00 per month for a period of ____ months which includes interest at _____% per annum, until paid in full.

Other provisions for this creditor: This creditor will be paid the contractual monthly payment of $748.38 outside the plan directly by the co-debtor, Nancy P. Ollis. The lien of this creditor will survive confirmation.

Name of Creditor: The Commercial Bank

Claim No: **11** Claim Amount: $1,629.08

Collateral: 2014 Chevrolet Silverado VIN# 1GC0KVCG4EF164355

This creditor is wholly secured in the amount of $1,629.08 as of the effective date of confirmation.

This creditor is to be paid $0.00 per month for a period of ____ months which includes interest at _____% per annum, until paid in full.

Other provisions for this creditor: This creditor will be paid the contractual monthly payment of $414.74 outside the plan directly by the co-debtor, Nancy P. Ollis. The lien of this creditor will survive confirmation.

Name of Creditor: The Commercial Bank

Claim No: **10** Claim Amount: $34,633.72

Collateral: 1st Mortgage on 2133 Mt. Bethel Rd & 93 Maddox Bridge Rd, Ware Shoals, SC TMS Nos. 041-00-00-010 & 027-00-00-003

This creditor is wholly secured in the amount of $34,633.72 as of the effective date of confirmation.

This creditor is to be paid $0.00 per month for a period of ____ months which includes interest at _____% per annum, until paid in full.

Other provisions for this creditor: This creditor will be paid the contractual monthly payment of $469.12 outside the plan directly by the co-debtor, Nancy P. Ollis. The lien of this creditor will survive confirmation.

Name of Creditor: The Commercial Bank

Claim No: **9** Claim Amount: $134,113.73

Collateral: 1st Mortgage on 129 Ivy Trellis Court, Simpsonville SC TMS No. 0548480102400

This creditor is wholly secured in the amount of $134,113.73 as of the effective date of confirmation.

This creditor is to be paid $0.00 per month for a period of ____ months which includes interest at

_____% per annum, until paid in full.

Other provisions for this creditor: This creditor will be paid the contractual monthly payment of $718.08 outside the plan directly by the co-debtor, Nancy P. Ollis. The lien of this creditor will survive confirmation.

Name of Creditor: Lakeview Loan Servicing, LLC.

Claim No: **23** Claim Amount: $175,799.35

Collateral: 1st Mortgage on 2450 Garden Road, Ware Shoals, SC TMS No. 041-00-00-036

This creditor is wholly secured in the amount of $175,799.35 as of the effective date of confirmation.

This creditor is to be paid $0.00 per month for a period of ____ months which includes interest at _____% per annum, until paid in full.

Other provisions for this creditor: This creditor will be paid the contractual monthly payment of $956.92 outside the plan directly by the co-debtor, Nancy P. Ollis. The lien of this creditor will survive confirmation.

Name of Creditor: John Deere Financial

Claim No: **15** Claim Amount: $12,771.15

Collateral: 2003 John Deere 6320 Utility Tractor S/N 374776

This creditor is wholly secured in the amount of $12,771.15 as of the effective date of confirmation.

This creditor is to be paid $0 per month for a period of 0 months which includes interest at 0% per annum.

Other provisions for this creditor: Creditor filed duplicate claim #4 in Case No. 20-02776/hb, J. Ollis Farms, LLC. Creditor's claim #15 will be treated in that case.

(i) Surrender of collateral. The collateral held by each creditor listed below is hereby surrendered. No payment will be made to this creditor. The debtor requests that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and the stay under § 1201 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in section 4 below.

| Name of Creditor | Collateral |
| --- | --- |
| Farm Bureau Bank (Claim 5) | 2011 John Deere 6430, 1L06430XTBH687980 (property was repossessed by Commerical Bank in March of 2019) |

3. Treatment of Priority Claims.

**(i)** Domestic Support Claims. 11 U.S.C. § 507(a)(1):

a. Pre-petition arrearages. The trustee shall pay the pre-petition domestic support obligation arrearage to (name of DSO creditor), at the rate of $ or more per until the balance, without interest, is paid in full.

b. The debtor shall pay all post-petition domestic support obligations as defined in 11 U.S.C. § 101(14A) on a timely basis directly to the creditor.

c. Any party entitled to collect child support or alimony under applicable non-bankruptcy law may col-

lect those obligations coming due after this case was filed from the income or assets of the debtor-parent/spouse without further order or relief from the automatic stay. (Any claim for child support or alimony due before this case was filed must be collected in accordance with 11 U.S.C. § 507(a)(1) and 11 U.S.C. § 1222(a)(2).)

**(ii)** Other Priority debt.

Subsequent to the above, payments to priority creditors, including tax claims, will be paid on a pro-rata basis until paid in full. These are as follows: [INSTRUCTION: THE FOLLOWING SHOULD BE COMPLETED FOR EACH PRIORITY CREDITOR.]

Name of Creditor: _____
Claim No: _____ Claim Amount: _____
Payment Amount _____(monthly, quarterly, or annually)
This creditor shall be paid no interest on its claim.

or

This creditor shall be paid interest at _____% per annum on its claim.

4. Treatment of Unsecured Claims.

Subsequent to the above, unsecured creditors will be paid on a pro rata basis. Unsecured creditors will be paid not less than 1% of the total allowed unsecured, non-priority claim, **quarterly as follows: $2,720.00 on December 25, 2020, March 25, 2021, June 25, 2021, September 25, 2021, and December 25, 2021, March 25, 2022, June 25, 2022, September 25, 2022, December 25, 2022, March 25, 2023, June 25, 2023, September 25, 2023, December 25, 2023, March 25, 2024, June 25, 2024, September 25, 2024, December 25, 2024, March 25, 2025, June 25, 2025 and September 25, 2025.**


**IV. ADDITIONAL PLAN PROVISIONS**

Upon confirmation of the plan, the debtor shall tender to the Chapter 12 Trustee, at the time the debtor's first payment under the Plan is due, $200.00 to pay the bank fees associated with the bank account to be opened by the trustee for the debtor's plan payments. On the 12th month thereafter, the debtor shall pay to the trustee $200.00 to pay the bank fees, or an amount agreed to by the debtor and the trustee. Should the bank fees exceed the annual $200.00 payment, the trustee reserves the right to apply for reimbursement for the excess as an administrative expense. Upon completion of the Plan, or dismissal of the debtor's bankruptcy case, the trustee shall return to the debtor any funds not needed to pay the bank fees.

Moreover, in the event of any future default in payments due under the plan, which is not cured within 60 days, the Trustee is authorized to liquidate additional property pursuant to 11 USC 1222(b)(8), subject to further notice and approval by the Court.

Upon confirmation of the plan, property of the estate will remain property of the estate, but title to the property shall revest in the debtor. Unless the plan otherwise provides, secured creditors shall retain their liens upon their collateral until the allowed amounts of their claims are paid in full.

Except as provided herein, the automatic stay provisions of 11 U.S.C. § 362(a) shall remain in effect until the case is closed, but may be modified pursuant 11 U.S.C. § 362(d) on motion of a party in interest.

The effective date of confirmation is the date upon which the order of confirmation becomes final.


Dated: November 6, 2020

/s/ Alecia T. Compton_____
Alecia T. Compton, Esq.
Attorney for Debtor(s)
109 Oak Avenue, Suite A
Greenwood, SC 29646
(864) 450-9042
District Court I.D. No. 5847